-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERENCE SANDY MCCRAY,

                              Plaintiff,

                              13-CV-0949W(Sc)

                              **Hon. Hugh B. Scott**

      -v-

                              Report & Recommendation
                              and
CO AYERS, New York State Department of       Decision & Order
Corrections,  and CO ROSIA, New York State
Department of Corrections,

                              Defendants.

---

There are various motions pending before the Court in this case, including the plaintiff's motion for summary judgment (Docket No. 37), the defendant's motion to stay summary judgment (Docket No. 39), the plaintiff's motions to appoint counsel (Docket No. 44 and 50), and the plaintiff's motion to amend. (Docket No. 55).

**Background**

The plaintiff, Terence Sandy McCray ("McCray") commenced this action in the Northern District of New York against numerous defendants including the City of Albany, various prosecutors, probation officers, police officers, as well as corrections officers Jenkins, Ayers, Roshia, Callieri and Fischer employed by the New York State Department of Corrections and Community Supervision ("DOCCS"). (Docket No. 1). The plaintiff claimed that he had been wrongfully convicted and asserted various civil rights and negligence claims. (Docket No. 1 at

pages 10-14). The plaintiff then filed an Amended Complaint (Docket No. 23).[1] The Amended Complaint named the same defendants but included more allegations and set forth claims of false arrest (Docket No. 23, page 10), intentional infliction of emotional distress (Docket No. 23, pages 10 and 69), abuse of process (Docket No. 23, pages 12 and 73), negligence (Docket No. 23, page 12), negligent misrepresentation (Docket No. 23, pages 14 and 77), denial of due process (Docket No. 23, pages 14, 78 and 83), violation of "Monell/42 U.S.C. §1983" against the City of Albany (Docket No. 23, pages 14, 86 and 90), negligent hiring (Docket No. 23, pages 14 and 98), sexual assault relating to a pat frisk (Docket No. 23 at page 65), fraud (Docket No. 23, page 74), and cruel and unusual punishment in violation of the Eighth Amendment (Docket No. 23 at page 99).

District Judge Glenn Suddaby of the Northern District of New York severed the claims as asserted against the DOCCS corrections officers and transferred those claims to this Court. (Docket No. 26). Upon initial review in the Western District of New York, District Judge Michael A. Telesca dismissed all of the plaintiff's claims against Fischer, Jenkins and Callieri. (Docket No. 28 at page 11). The Court directed that the Amended Complaint[2] be served only upon defendants Ayers and Roshia regarding the sole remaining pat-frisk/sexual assault claim. (Docket No. 28 at page 11). With respect to this claim, the plaintiff asserts that his genitals were

---

[1] The plaintiff submitted the Amended Complaint in several installments. The Court in the Northern District directed that the installments be compiled into one document and filed as the Amended Complaint. (Docket No. 22).

[2] The initial service order inadvertently directed that the "complaint," not the "amended complaint" be served. A subsequent service order directed that the Amended Complaint be served upon Ayers and Roshia. (Docket No. 33).

grabbed and squeezed during a purported pat frisk, and subsequently, that defendant Rosia placed his fingers into the plaintiff's anus. (Docket No. 23 at pages 68-69).

**Motion for Summary Judgment**

The plaintiff has filed a motion for summary judgment with respect to his sexual assault claim. (Docket No. 37).

Summary judgment is appropriate where there are no issues of material fact in dispute, and the moving party is entitled to judgment as a matter of law. See Trans Sport, Inc. v. Starter Sportswear, Inc., 964 F. 2d 186, 188 (2nd Cir. 1992) citing Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The non-moving party must, "demonstrate to the court the existence of a genuine issue of material fact." Lendino v. Trans Union Credit Information, Co., 970 F.2d 1110, 1112 (2nd Cir. 1992), citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). A fact is material:

> when its resolution would "affect the outcome of the suit under the governing law" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."

General Electric Company v. New York State Department of Labor, 936 F.2d 1448, 1452 (2nd Cir. 1991), quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "The non-moving party must come forward with enough evidence to support a jury verdict ... and the ... motion will not be defeated merely ... on the basis of conjecture or surmise." Trans Sport, supra, 964 F.2d at 188. Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Nippon Fire & Marine Ins. Co.,

Ltd. v. Skyway Freight Systems, Inc., 235 F.3d 53 (2nd Cir. 2000) quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Here, the plaintiff asserts that "there are [no] facts that can be disputed" regarding his claim that he was sexually assaulted.  (Docket No. 37 at page 1). In support of this argument, the plaintiff points to the fact that the medical records reflect his complaints to Dr. Haimes and Nurse Practicioner Sollotti regarding "extremely aggressive pat frisks." Id. The medical records do reflect that the plaintiff complained of sexually aggressive pat frisks. (Docket No. 37-1 at pages 2-3). However, the recording of these complaints by the medical personnel only establishes that the plaintiff complained of sexually aggressive pat frisks. This evidence does not foreclose factual issues relating to whether any such conduct on the part of the defendants' actually occurred.  The defendants have denied the conduct attributed to them by the plaintiff. (Docket No. 35).  The Court also notes that the plaintiff filed the instant motion prior to the exchange of substantial discovery in this matter. (Docket No. 39-1 at ¶¶ 20-21).  The defendants assert that the Court should defer or deny the plaintiff's motion as premature. (Docket No. 39-1 at ¶ 17, 25).

Under the circumstances in this matter, it appears that the instant motion was filed prematurely. In any event, a question of fact exists as to whether any conduct by the defendants amounted to a sexual assault of the plaintiff.  It is recommended that the plaintiff's motion for summary judgment be denied without prejudice.

**Motions to Appoint Counsel**

The plaintiff has filed two motions seeking the appointment of counsel (Docket Nos. 44 and 50).  There is no constitutional right to appointed counsel in civil cases.  However, under 28

U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22, 23 (2d Cir. 1988). Assignment of counsel in this matter is clearly within the judge's discretion. In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following: (1) Whether the indigent's claims seem likely to be of substance; (2) Whether the indigent is able to investigate the crucial facts concerning his claim; (3) Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder; (4) Whether the legal issues involved are complex; and (5) Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination. Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); *see also* Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001); Abdur-Raqiyb v. Erie County Medical Center, 2006 WL 1800710, at *1 (W.D.N.Y.,2006).

In considering a motion for the appointment of counsel, the Court may also consider the merits of the plaintiff's claim. The Second Circuit has held that "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir.1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Cooper, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the ... claim are thin and his chances of prevailing are therefore poor [,]" Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir.2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have

little merit). See also <u>Smolen v. Corcoran</u>, 2013 WL 4054596 (W.D.N.Y.,2013)(In deciding whether to grant a request to appoint pro bono counsel, district courts should evaluate several factors, including the merits of the claim, the factual issues and complexity of the case, the plaintiff's ability to present the case, and the plaintiff's inability to obtain counsel.).

The Court has reviewed the facts presented herein in light of the factors required by law as discussed above. At this time, it does not appear the legal issues presented are unduly complex. The plaintiff's filings in this case reflect that he understands the issues presented and can adequately articulate his factual and legal arguments. The plaintiff's motions for appointment of counsel are denied.  It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*.  28 U.S.C. § 1654.

**Motion to Amend**

The plaintiff has filed a document entitled "Notice of Dispositive Motion to Revise/Amend/Correct And or Reflection of Vital Information To be Memorialized for the Record." (Docket No. 55).  This document is not a motion seeking specific relief, but a supplement to the plaintiff's argument in support of his motions for the appointment of counsel. Specifically, the plaintiff contends that the counsel for the defendants "conceded" that he should have counsel appointed because the defendants' counsel gave a "head nod" when the plaintiff stated that he thought he should have appointed counsel. (Docket No. 55 at page 3).  The plaintiff also sets for additional legal arguments relating to the constitutional prohibition against cruel and unusual punishment (Docket No. 55 at page 2) and an investigation by the New York State Inspector General's Office. (Docket No. 55 at pages 3-4).

In light of the above, the Court need take no further action with respect to this document. The motion should be terminated.

**Subpoenas**

The plaintiff has submitted a letter dated February 1, 2015 (attached) requesting the issuance of subpoenas to take the depositions of several non-party individuals. Rule 45 of the Federal Rules of Civil Procedure provides for the issuance of subpoenas to take depositions of non-parties. The plaintiff also has been granted *in forma pauperis* status ("IFP")(Docket No. 28). A plaintiff who has been granted IFP status, is entitled to have any subpoenas served by the U.S. Marshal in this case. Johnson v. Hubbard, 698 F.2d 286 (6th Cir.), cert. denied, 464 U.S. 917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983); United States Marshals Service v. Means, 741 F.2d 1053, 1055 (8th Cir., 1984); McNeil v. Lowney, 831 F.2d 1368 (7th Cir.,1987), cert. denied, 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); Boring v. Kozakiewicz, 833 F.2d 468 (3rd Cir.,1987), cert. denied, 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988); Tedder v. Odel, 890 F.2d 210 (9th Cir., 1989).

However, the IFP status does not relieve the plaintiff from having to pay the witness fees, milage as well as the costs associated with the recordation and transcription of the deposition. Under Rule 30(b)(3)(A) deposition testimony can be recorded by audio means. However, "the advisory notes clarify that any such party 'should understand that a transcript will be required ... if the deposition is later to be offered as evidence a trial or on a dispositive motion under Rule 56.' " Gatling v. Coggiola, 2014 WL 2918600 (W.D.N.Y. 2014) quoting Sunegova v. Village of Rye Brook, 2011 WL 6640424, *8 (S.D.N.Y.2011) (referring to Advisory Committee Notes

(1993 Amendments)). See also Hudson v. Spellman High Voltage, 178 F.D.R. 29, 31 (E.D.N.Y.1998) (examining party obligated to provide typed transcript of portions of recorded deposition on which that party intends to rely upon at trial). "Plaintiff's *in forma pauperis* status does not excuse [him] from producing a certified transcript of her depositions of Defendants, which is the ordinary practice in this court." Sunegova, 2011 WL 6640424, *8. The costs of recording the transcript is "usually borne by the party taking the deposition, even when that party is proceeding *pro se* and granted *in forma pauperis* status." Nowlin v. Lusk, 2014 WL 298155, *9 (W.D.N.Y.2014); Doe v. United States, 112 F.R.D. 183, 184 (S.D.N.Y.1986) ("[A] defendant is not required to advance a plaintiff's stenographic and transcription deposition expenses merely because a plaintiff is unable to pay for such expenses"). Further, "federal courts are not authorized to waive or pay witness fees on behalf of an in forma pauperis litigant." Malik v. Lavalley, 994 F.2d 90, 90 (2d Cir.1993); see also Abuhouran v. United States, 389 Fed.Appx. 179 (3d. Cir. 2010)(The *in forma pauperis* statute, 28 U.S.C. § 1915, makes no provision for litigation expenses other than the reproduction of the record and transcripts. See 28 U.S.C. § 1915(c)).

In light of the above, the plaintiff's request for subpoenas is denied without prejudice at this time. The Court directs the plaintiff to formulate a plan as to how he would pay for the fees and other costs associated with the taking of depositions in this case. The plaintiff may also wish to consider using other discovery mechanisms to obtain the sought after discovery in this matter.

**In this regard, a conference to discuss the status of any remaining discovery or other pretrial proceedings in this matter shall take place on June 23, 2015 at 2:00 before the undersigned**.

Inasmuch as the plaintiff is incarcerated, counsel for the defendant is directed to notify the facility at which the plaintiff is located to ensure that arrangements are made by the facility to allow the plaintiff with access to a telephone, as well as access to his legal papers relative to this action. Counsel for the defendant is directed to advise the court of a telephone number to be used for the conference.

**Conclusion**

Based on the above, the plaintiff's motions for the appointment of counsel (Docket No. 44 and 50) are denied. The plaintiff's "motion to amend" (Docket No. 55) is terminated as it is not a motion seeking relief.

Also, for the reasons stated above, it is recommended that the plaintiff's motion for summary judgment (Docket No. 37) be denied without prejudice and the defendants' motion to stay or defer summary judgment (Docket No. 39) be granted to the extent that the plaintiff's motion is denied without prejudice.

Pursuant to 28 U.S.C. §636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen(14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, as well as W.D.N.Y. Local Rule 72(a)(3).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME,  OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT ORDER BY THE DISTRICT COURT ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed2d 435 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d. Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988); see also 28 U.S.C. §636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and W.D.N.Y.  Local Rule 72(a)(3).

Please also note that the District Court, on *de novo* review, will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y.  Local Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

*/s/ Hugh B. Scott*
United States Magistrate Judge
Western District of New York

Buffalo, New York
May 5, 2015