UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERENCE SANDY McCRAY,

                              Plaintiff,

                                                                     **Hon. Hugh B. Scott**

                                                                       13CV949A

                              v.

                                                                        **Order**

CO AYERS and CO ROSIA,

                              Defendants.

      Before this Court is a letter (filed pursuant to this Court's Local Civil Rule 5.2 regarding pro se submissions) from plaintiff proceeding pro se in this civil rights action (Docket No. 116). Attached to this letter, plaintiff now purports to commence a New York State criminal prosecution against two of the civil defendants in this action. These criminal complaints allege again incidents that plaintiff claims occurred in 2011 and 2012 that are now pending in this civil rights suit.

      One of the documents is called a "felony complaint" (Docket No. 116), which is defined in New York statutes as a written accusation filed with a local criminal court charging one or more persons of the commission of one or more felonies. It serves as commencement of a criminal action but not as a basis for prosecution thereof. N.Y. Crim. Proc. L. § 100.10(5). The other document is a misdemeanor complaint, which under state law can serve as a basis for prosecution only if defendant waives prosecution by information, id. § 100.10(4).

The two criminal complaints attached to his letter (id.) and purportedly filed with this Court, however, are **legal nullities**.

First, plaintiff cites to New York Criminal Procedure Law § 100.55 as the basis for this Court's filing and presumed prosecution of these criminal complaints. That provision is for filing of accusatory instruments in New York State courts; reference in Criminal Procedure Law § 100.55(1) to "district court" is to the New York State District Court, a local court, N.Y. Crim. Proc. L. § 10.10(3)(a), in Nassau or Suffolk Counties, see N.Y. Const. art. VI, § 16(a); David D. Siegel, New York Practice § 20 (2d ed. 1991), and not to the United States District Court, see Siegel, supra, § 20, at 21 (the state district courts are "unrelated to and shouldn't be confused with the United States District Court")). These are two separate sovereignties and the crimes in one generally cannot be prosecuted in the other. Furthermore, a criminal prosecution or complaint cannot be commenced within a civil action.

The state procedure cited by plaintiff here is analogous to the commencement of federal prosecution by a criminal complaint, Fed. R. Cr. P. 3, which is issued by the Court upon the request of the attorney for the Government, Fed. R. Cr. P. 4(a), and not by others, Pugach v. Klein, 193 F. Supp. 630, 634 (S.D.N.Y. 1961); see Keenan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam). Courts have rejected for filing a litigant's purported criminal complaint that has not been authorized (as was not done here) by the United States Attorney, United States v. Bryson, 434 F. Supp. 986, 988 (W.D. Okla. 1977) (federal courts lack "jurisdiction of cases prosecuted in the name of the United States unless they are prosecuted by the United States Attorney"). Here, plaintiff seeks to prosecute on behalf of the People of the State of New York (see Docket No. 116) in United States District Court.

Furthermore, the Criminal Procedure Law refers to filing of that complaint in the district in the county where the accused offense occurred, N.Y. Crim. Proc. L. § 100.55(1).  Here, that would be in Seneca County, since these incidents allegedly occurred at Five Points Correctional Facility in that county.  Seneca County does not have a district court.

Therefore, the state criminal complaints attached to plaintiff's filed letter (Docket No. 116) shall be treated as **nullities nunc pro tunc**.  Plaintiff's cover letter also indicates that he intends to file criminal complaints for other offenses.

So Ordered.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
      May 4, 2016