**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

TERENCE SANDY McCRAY,

     Plaintiff,

     v.                            13-CV-949-RJA-HBS
                                   **DECISION AND ORDER**

THE CITY OF ALBANY, _et al._,

     Defendants.
_____

Magistrate Judge Scott, to whom the Court referred this case for all pre-trial proceedings, filed a Report and Recommendation (Docket No. 112) recommending that the Court deny the Plaintiff's renewed motion for summary judgment (Docket No. 93) and grant Defendants Roshia and Ayers's motion for summary judgment. _See_ Docket No. 95. The Plaintiff has filed objections to Judge Scott's recommendation as to the Defendants' motion. Docket No. 119.[1] For the reasons stated below, the Court adopts Judge Scott's Report and Recommendation in part, defers decision on Judge Scott's remaining recommendation, and remands this case for further, limited proceedings.

## BACKGROUND

The Court assumes familiarity with the facts of this case, which Judge Scott's Report and Recommendation sets forth in detail.

---

[1] Before Judge Scott, the Plaintiff appeared to withdraw his motion for summary judgment because, he claims, he had not yet had the opportunity to conduct discovery. _See_ Docket No. 108. Other than an isolated reference on the first page of his objections to "judgment in favor of the Plaintiff," nothing in the Plaintiff's objections can reasonably be construed as an objection to Judge Scott's recommendation to deny the Plaintiff's renewed motion for summary judgment. The Court therefore reviews that recommendation for clear error. _See United States v. Preston_, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009). Finding none, the Court adopts Judge Scott's recommendation. Further, the Plaintiff's objections appear to appeal, or move for reconsideration of, Judge Telesca's screening order (Docket No. 28). To the extent that the Plaintiff seeks reconsideration of Judge Telesca's interlocutory order, the Court declines to entertain the Plaintiff's motion.

In short, the Plaintiff alleges that, on three different occasions, corrections officers grabbed and squeezed his genitals during pat frisks. First, as to the April 21, 2011 incident, Judge Scott recommends that summary judgment be granted for the Defendants because the Plaintiff has not shown that either Defendant was responsible for the alleged conduct. Second, as to the August 31, 2011 incident, Judge Scott recommends granting the Defendants' motion for summary judgment because the Defendant failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act. *See* 28 U.S.C. § 1997e(a). And, finally, as to the March 2012 incident, Judge Scott recommends granting the Defendants' motion for summary judgment because, Judge Scott concluded, "[a]ccepting plaintiff's version of events and disregarding the [disputed] videotape [that Defendants contend shows the incident at issue], the single instance [of alleged groping] is not sufficiently severe or serious to constitute cruel and unusual punishment" under the Eighth Amendment. Docket No. 112 at 13.

## DISCUSSION

The Plaintiff does not appear to object to Judge Scott's recommendation as to the first incident. The Court therefore reviews that recommendation for clear error. *See* *Preston*, 635 F. Supp. 2d at 269 ("The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record.") After review of the record, the Court finds no clear error and adopts Judge Scott's recommendation.

As to the second incident, the Plaintiff argues that the Prison Rape Elimination Act, 42 U.S.C. § 15601, *et seq.*, excuses the need for him to exhaust his administrative

remedies. In support of his argument, the Plaintiff points to DOCCS Directive 4040 which, in its current form, contains a streamlined exhaustion requirement for an inmate alleging an "incident of sexual abuse or sexual harassment." Docket No. 132-1 (DOCCS Directive 4040, § 701.3(i) (Jan. 20, 2016)). At the time of the incident of which the Plaintiff complains, however, Directive 4040 did not contain language simplifying an inmate's obligation to exhaust claims of sexual assault. *See* Docket No. 132-1 at 5-19 (DOCCS Directive 4040 (July 12, 2006)). And, as the Court has previously held, the language in the updated version of Directive 4040, on which the Plaintiff relies in his objections, is not retroactive. *See Henderson v. Annucci*, 14-CV-445A, 2016 WL 3031353, at *1 (W.D.N.Y. May 27, 2016), *adopting Report and Recommendation*, 2016 WL 3039687 (Mar. 14, 2016). The Plaintiff, then, was required to exhaust his grievance as to the second incident before bringing this lawsuit. Because he failed to do so, the Court adopts Judge Scott's recommendation to grant the Defendants' motion for summary judgment as to the second incident.

Finally, as to the third incident, Judge Scott concluded that, viewing the facts in the light most favorable to the Plaintiff, the conduct of which the Plaintiff complains does not rise to the level of an Eighth Amendment violation because the third incident "is not sufficiently severe or serious to constitute cruel and unusual punishment." Docket No. 112 at 13. In support of this recommendation, Judge Scott pointed to the fact that the Plaintiff's "medical complaints following the frisk do[] not show sufficient injury to state a cruel and unusual punishment claim." *Id.* (citations omitted). Judge Scott also noted that, accepting the Plaintiff's version of events, "he waited at least two days before seeking medical attention without stating that he was restrained from seeking help in the

intervening period." *Id.* Finally, Judge Scott concluded, "Plaintiff has not shown that movants engaged in intentional conduct aside from the appropriate penological and security purposes search for contraband and protection of staff and other inmates." *Id.* In the alternative, Judge Scott concluded that the Defendants were entitled to qualified immunity.

As Judge Scott noted, however (Docket No. 112 at 13), the record contains two different versions of the third incident. In his deposition, the Plaintiff described the third incident, in relevant part, as follows:

> [Defendant] Officer Rosia says, f--- him [referring to the Plaintiff], get him over here, get the f--- on the wall, a--hole. So that's what I did, all right, I walked over to the wall. At that particular point of time, Officer Rosia says, spread your legs. I spread my legs. Move back, move back, spread your arms, move back, move back further. I did that. At that particular point of time, officer is leaning over my shoulder, I'll never forget it because his breath smelled so bad, and he was whispering over my shoulder, you f---ing ni--er, you don't f---ing like this, ni--er? And he said it several times. I'm not responded, not one word. Then he—he didn't even pat frisk me . . . . He put his hands underneath my testicles and he squeezed them and he says, you like that, you f---ing ni--er? And I didn't say anything.

Docket No. 95-3 at 31-32 (Tr. 53:16-54:12).

The Defendants have filed a video which purports to show the events at issue in the third incident. The Court has viewed the video and finds that the video is, in some respects, inconsistent with the Plaintiff's description of the third incident.

At this time, however, the Court need not, and does not, address the relevance of the video to the merits of the Defendants' summary judgment motion because the Plaintiff vehemently disputes whether the video depicts him, rather than another inmate. And the Plaintiff gives what do not appear to be unreasonable, fact-based arguments to support his claim: he argues that the inmate in the video is wearing a red sweatshirt but

that the Plaintiff would never wear red in prison because "only gang members wear RED in the prison system" (Docket No. 104 at 5) (emphases in original); he argues that the video is timestamped at 7:00 a.m. but that the incident occurred at 7:00 p.m.; and, finally, the Plaintiff claims that the inmate shown in the video is approximately 125 pounds heavier than the Plaintiff. *See* Docket No. 112 at 7. Judge Scott agreed that there is an issue of fact as to whether the Plaintiff is the inmate shown in the video. Docket No. 112 at 12. For purposes of his Report and Recommendation, Judge Scott therefore disregarded the video. The Defendants do not appear to have addressed, before this Court or before Judge Scott, the Plaintiff's contentions that the video shows a search of someone other than the Plaintiff.

Construed liberally in light of his *pro se* status, the Plaintiff's objections, as well as his response to the Defendants' motion for summary judgment, appear to argue that the video would be inadmissible at trial because the Defendants have not "produce[d] evidence sufficient to support a finding that the [video] is what the [Defendants] claim[] it is"—that is, a video of the March 2012 incident, and not a video of a search of another inmate. Fed. R. Evid. 901(a). In these circumstances, Rule 56 authorizes the Court to give the Defendants "an opportunity to properly support or address the fact" by, in this case, showing that the video at issue is authentic within the meaning of the Rules of Evidence and that it may, therefore, be considered as part of the Defendants' motion for summary judgment. Fed. R. Civ. P. 56(e)(1). *See also* Fed. R. Civ. P. 56(e)(4) (authorizing court to "issue any other appropriate order" when "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact").

The Court therefore defers decision on the Plaintiff's objections to Judge Scott's recommendation as to the third incident. The Court remands this case to Judge Scott for the limited purpose of addressing the Plaintiff's contentions regarding the authenticity of the video of the March 2012 incident. The Court leaves the scope and nature of such proceedings to the sound discretion of Judge Scott.

**CONCLUSION**

After *de novo* review, the Court adopts Judge Scott's Report and Recommendation in part. The Plaintiff's motion for summary judgment (Docket No. 93) is denied. Defendants Roshia and Ayers' motion for summary judgment (Docket No. 95) is granted as to the Plaintiff's claims regarding the April 21, 2011 and August 31, 2011 incidents. The Court defers decision on the Defendants' motion for summary judgment as to the March 2012 incident and remands this case to Judge Scott for further proceedings.

**SO ORDERED.**


Dated: April 24, 2017                           _s/Richard J. Arcara_____
    Buffalo, New York                    HONORABLE RICHARD J. ARCARA
                                                 UNITED STATES DISTRICT JUDGE