UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERENCE SANDY McCRAY,

                      Plaintiff,

       v.

THE CITY OF ALBANY, NEW YORK, et al.,

                      Defendants.

**13-CV-949 (HBS)**

**ORDER**

---

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)-(C). Dkt. No. 31. Self-represented plaintiff Terence Sandy McCray has filed a motion to reopen discovery. Dkt. No. 159. Defendants did not respond. The Court need not order further briefing, however, because McCray's motion is without merit, and is therefore DENIED.[1]

This Court has discretion to extend discovery deadlines "upon a showing of good cause." *Williams v. Fischer*, No. 13-CV-118, 2015 WL 3522431, at *3 (W.D.N.Y. June 4, 2015). "Factors for determining good cause and the diligence of the moving party include 1) the imminence of trial; 2) whether the request is opposed; 3) whether the moving party foresaw the need for additional discovery, in light of the discovery deadline set by the court; 4) prejudice to the non-moving party; and 5) whether further discovery is likely to lead to relevant evidence." *Id.* (internal quotation marks omitted). In addition, the movant's delay in seeking relief may be considered. *See, e.g.*, *Gotlin v. Lederman*, No. 04-CV-3736, 2007 WL 1429431, at *2 (E.D.N.Y. May 7, 2007) ("[A] finding of good cause depends on the diligence of the moving party."); *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*,

---

[1] McCray's motion is addressed to District Judge Richard J. Arcara. *See* Dkt. No. 159 at 1. Since McCray's motion addresses a non-dispositive discovery matter within the scope of the referral order, this Court resolves it in the first instance.

262 F. Supp. 2d 134, 151-52 (S.D.N.Y. 2003) (denying motion to reopen discovery where plaintiffs could have sought relief earlier but instead "let the time pass by without filing any motion for a discovery extension").

In this case, McCray's motion comes more than twenty months after summary judgment motions were resolved, and more than three years after he raised the arguments he now repeats in his present motion. *See* Dkt. Nos. 140, 156. McCray offers no excuse for his clearly late filing. Furthermore, that delay only heightens the prejudice redounding to Defendants should discovery be reopened: the case is more than eight years old, dispositive motions have been resolved, and the remaining issues are now fixed. Thus, reopening discovery would "increase the already-substantial litigation costs[] and further delay resolution of this litigation." *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 494 (S.D.N.Y. 2011).

For these reasons, the Court denies McCray's motion to reopen discovery (Dkt. No. 159).

SO ORDERED.

            */s/ Hugh B. Scott*
            Hon. Hugh B. Scott
            United States Magistrate Judge

DATED: October 1, 2020

2